FIRST STATE BANK of HARVARD, Respondent, vs. HARRINGTON, Sheriff, Appellant.

*February 9—March 8, 1927.*

*Corporations: Foreign corporation loaning money to resident of Wisconsin: Taking security on property in state: What constitutes "transacting business" within state.*

A foreign corporation which has not filed with the secretary of state the statement in writing required by ch. 26 of the Laws of 1915, amending sub. 2, sec. 1770b, Stats. 1913 (now sec. 226.02), may make a loan outside of the state and there payable, to a resident of the state, and validly secure it by a chattel mortgage on property of the borrower located within the state; and in so doing it does not transact business in the state within the meaning of the statute.

APPEAL from a judgment of the county court of Walworth county: ROSCOE R. LUCE, Judge. *Affirmed.*

Replevin. Plaintiff, an Illinois corporation, with its place of business at Harvard, Illinois, at said place loaned to Orva Crone and wife, residents of Walworth county, Wisconsin, money to be repaid at Harvard, Illinois, and took as security for the loan two chattel mortgages on personal property of the Crones located in Walworth county, Wisconsin. The mortgages were duly filed. Afterwards the mortgaged property was levied upon by the defendant, as sheriff, under a

valid execution, but subject to the lien of the plaintiff's mortgages if the latter are held valid.   The defendant contends that they are void because the plaintiff had not complied with the provisions of sec. 226.02 of the Wisconsin Statutes.  The trial court held the mortgages valid, and from a judgment entered accordingly the defendant appealed.

For the appellant there was a brief by *Adams, Cromer & Clementson* of Beloit, and oral argument by *H. W. Adams.*

For the respondent there was a brief by *Charles J. Sumner* of Delavan, attorney, and *Simmons, Walker & Wratten* of Racine, of counsel, and oral argument by *Mr. John B. Simmons* and *Mr. Sumner.*

VINJE, C. J.    May a foreign corporation that has not complied with the provisions of sec. 226.02, Stats., make a loan outside of this state, and payable to it outside the state, to a resident of the state, and validly secure the same by a mortgage on property of the borrower located within the state?   The answer to the question depends upon the meaning of sec. 226.02 as it now stands.  The section has been amended several times and a number of cases bearing on the construction given it previous to the amendment of 1915 have been cited to us by both appellant and respondent.  Inasmuch as we place our decision in this case upon the section as amended by ch. 26 of the Laws of 1915, we consider previous cases of little if any value and shall not refer to them. The amendment reads:

"Any foreign corporation, including any bank or trust company, may, in its corporate name, and without being licensed to do business in this state, advance and loan money therein, and take, acquire, hold and enforce notes, bonds, mortgages or trust deeds given to represent or secure money so loaned or advanced or for other lawful consideration, and all such notes, bonds, mortgages or trust deeds which heretofore have been or shall hereafter be taken, acquired or held by any such foreign corporation shall be as valid and enforceable as though it were an individual, and such right of

enforcement shall include the right to acquire the mortgaged property upon foreclosure, or in virtue of the provisions of the mortgage or trust deed, and to dispose of the same; provided, however, that any such corporation which shall hereafter transact in this state the business above provided for shall first file with the secretary of state a statement in writing by its president, secretary, treasurer or general manager that it constitutes the secretary of state its attorney for the service of process as provided in paragraph (f) of subsection 3 of this section; and provided, further, that except as regards the advancing and loaning of money and the taking, acquiring, holding and enforcing of securities as above provided, nothing herein contained shall be construed as authorizing any foreign corporation to transact in this state the business of a bank or trust company, or otherwise to exempt any foreign corporation (other than the railroad, religious, charitable, and insurance corporations above specified) from the provisions of this section or other statutes of this state. Nothing in this section contained shall affect the rights of parties in any action which may now be pending."

The appellant claims that all foreign corporations of the kind herein involved that loan money to Wisconsin residents and take security on property located in Wisconsin are transacting business in this state within the meaning of the statute though the loan may be made and be payable outside the state, and they must file a statement in writing with the secretary of state as therein provided. The respondent claims that loans made outside the state are not subject to that requirement. It is only when said foreign corporation comes within the state to transact business that it must comply with the section; that the statute expressly declares valid all loans made and securities taken outside the state; that its object was not to prevent competition from without but from within. We think this is the clear intent of the language used. After having declared valid all loans and securities made and taken in transactions outside the state this limitation follows: "Provided, however, that any such corporation which shall hereafter *transact in this state* the business above provided

for shall first file," etc., showing clearly that business transacted outside the state stands upon a different basis than business transacted within the state, and that it was only business transacted within the state that came within the filing requirement. It is at least debatable whether the legislature can limit or destroy the legal effect of business transacted without the state, but it is certainly within its field to prescribe reasonable regulations for the transaction of the business of foreign corporations within the state, and that was all it attempted to do by the amendment of 1915. It follows that plaintiff secured valid enforceable mortgages on the property in question and that the trial court properly disposed of the issues.

*By the Court.*—Judgment affirmed.