BRADT and others, Trustees in Bankruptcy, Appellants, vs. BELOIT DAIRY COMPANY and others, Respondents.

*March 4—April 1, 1930.*

320

For the appellants there was a brief by *R. W. Lueck* of Watertown and *Clark & Lueck* of Beaver Dam, and oral argument by *R. W. Lueck*.

For the respondent Beloit Dairy Company there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady*.

ROSENBERRY, C. J. The first assignment of error is that the court erred in denying plaintiffs' application for leave to amend the complaint. The summons and complaint were served November 15, 1927; answer was served March 12, 1928, and reply March 31, 1928. On April 3, 1928, the cause was set for trial. The case was adjourned and set for trial on June 25, 1928, and again adjourned and set for trial July 5, 1928. Later by consent of the parties the case was adjourned and set for trial on April 29, 1929. On April 20, 1929, plaintiffs procured an order to show cause returnable April 27, 1929, two days before the date of the trial, why the complaint should not be amended. The court denied the plaintiffs' application on the ground that it came too late. By the proposed amendment the plaintiffs sought to make one Wuethrich and S. D. McGuire parties defendant. No service of the proposed motion was made on either Wuethrich or McGuire. The amended complaint, in addition to

the relief sought relating to the cancellation of the mortgage, sought damages on account of an alleged conspiracy. This part of the amended complaint stated matters properly cognizable in an action at law. The granting of plaintiffs' application was a matter within the sound discretion of the trial court. There appears to be no abuse of that discretion.

On the issue of false and fraudulent representations made which induced the execution and delivery of the note and mortgage in question, the court found upon all matters of fact against the plaintiffs. No useful purpose would be served by setting out the evidence and detailed findings, the findings being well supported by the evidence. The court also found that there was a good and valuable consideration for the execution and delivery of the note and mortgage and that finding is also well sustained. The court held that the mortgage having been given by the Astico Company to secure advances made to it by the Dairy Company long prior to the insolvency of the Astico Company, it was not such a preference or diversion of the funds of the corporation as rendered the transaction invalid.

While McGuire was a common officer, there is nothing in the evidence to indicate that he in any way took advantage of his position. The nature of the transactions between the two companies was fully disclosed to all parties in interest. There was no secrecy, none of the other indicia of a fraudulent transaction. Only $26,000 had been paid in on subscriptions to capital stock of the Astico Company, and the company was from the very first without sufficient working capital. That fact, together with the circumstance that unexpected competition appeared in the field, resulted in the final insolvency and failure of the corporation. It was in no way contributed to by any act of the Dairy Company or its president, McGuire.

It is urged that the mortgage is void because it creates a preference. The mortgage was dated September 23, 1925. The Astico Company was adjudged a bankrupt on June 2,

1927. This contention seems to be based upon the idea that because the mortgage was not properly executed the trustees in bankruptcy in some way were vested with a title and right superior to that of the bankrupt and cite sec. 47 of the Bankruptcy Act to sustain their proposition. That section provides: . . . "and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

An execution creditor by virtue of his execution can levy upon such interest as his debtor has in the property. He does not stand in the place of a purchaser in good faith for value without notice. Where the bankrupt has dealt with his property in fraud of his creditors, there the right of the trustee exceeds that of the bankrupt in that the trustee may attack such conveyances but the bankrupt cannot. Trustees do not as to valid transactions acquire any other or greater interest in the estate than the bankrupt had. While the mortgage was not properly acknowledged so as to entitle it to record in the office of the register of deeds, that did not make the mortgage invalid. The trustees took no better title than the bankrupt had.

It is next urged that under the case of *Wisconsin Trust Co. v. Munday,* 168 Wis. 31, 168 N. W. 393, 169 N. W. 612, the Dairy Company having failed to qualify as a foreign corporation and the mortgage having been given upon the property situated in the state of Wisconsin, it is void. Upon the trial the court, upon sufficient evidence, found that the parties intended that the note secured by the mortgage should be made payable at the home office of the Dairy Company in Chicago but that by mistake it was made payable at the Astico State Bank, therefore the instrument was reformed and as reformed was payable in the state of Illinois. In this situation the matter is ruled by the case of *First State Bank v. Harrington,* 192 Wis. 293, 212 N. W. 665. The trans-

actions between the Astico Company and the Dairy Company were in interstate commerce, the advances were made upon the merchandise account by the Dairy Company to the Astico Company, and it was sought to secure the account by executing the mortgage in question. It is clearly not within the rule of the *Wisconsin Trust Co. v. Munday Case, supra.*

*By the Court.*—Judgment affirmed.