MINNEAPOLIS SECURITIES CORPORATION, Appellant, vs. SILVERA and another, Respondents.*

*November 18—December 15, 1948.*

* Motion for rehearing denied, with $25 costs, on February 15, 1949,

*Robert W. Arthur* of Madison, for the appellant.

For the respondents there was a brief by *Spohn, Ross, Stevens & Lamb* of Madison, and oral argument by *William H. Spohn*.

Rosenberry, C. J.   The plaintiff, a Minnesota corporation, having its principal office in Minneapolis, Minnesota, is not licensed in Wisconsin as a foreign corporation.   On or about the 11th day of December, 1946, the Klein Distributing Company, a Wisconsin corporation, assigned to the plaintiff a conditional sales contract made between it and the defendants for the sale by the Klein Distributing Company to the defendants of certain Solotone boxes, amplifiers, and other property, more particularly described in the contract, for the price of $7,010.40, on which a down payment of $1,500 was made, leaving a deferred balance of $5,510.40 to be paid in twenty-four monthly instalments of $229.60 per month, the first

payment to be made January 12, 1947, and the remainder of the payments to be due on the 12th day of each month following January, 1947. The contract, with the assignment, was sent to the state of Minnesota, and paid for and there delivered. The plaintiff is now the legal owner and holder of the said conditional sales contract upon which the defendants have made a further payment of $1,148 to the plaintiff.

This action was brought by the plaintiff to recover judgment against the defendants for the sum due on the contract amounting to $4,362.40, and for costs and attorneys' fees. In their answer the defendants allege that the plaintiff had failed to comply with sec. 226.02 (1) and (9), Stats. 1945, and that by reason of the failure of the said plaintiff to comply with said ch. 226 the assignment of said contract was void in so far as the said plaintiff is concerned and cannot be lawfully enforced.

The demurrer raised an issue of law with respect to the legality of the transaction. Sec. 226.02 (1), Stats., provides as follows:

"No foreign corporation shall transact business or acquire, hold, or dispose of property in this state until it shall have filed in the office of the secretary of state a copy of its charter, articles of association or incorporation. . . ."

Sub. (9) provides:

". . . Every contract made by or on behalf of any such foreign corporations, affecting its liability or relating to property within this state, before it shall have complied with the provisions of this section, shall be void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

We note first that no attack is made upon the conditional sales contract. The attack is based solely on the assignment of the conditional sales contract to the plaintiff. The question for decision, as stated by the defendants, is: "Since the case arises on demurrer, the facts and the purpose of the action are

set out in the complaint. . . . Is an assignment of a conditional sales agreement both parties whereto are residents of Wisconsin and concerning personal property located in that state a contract relating to property situated in the state of Wisconsin?"

No claim is made or can be made that the conditional sales contract in the hands of the Klein Distributing Company was not a valid enforceable contract, the property of the holder, and subject to disposition by it in the ordinary course of its business.

It is perfectly clear that this is a transaction in interstate commerce and is not within the provisions of sec. 226.02, Stats. *Greek-American Sponge Co. v. Richardson Drug Co.* (1905), 124 Wis. 469, 102 N. W. 888. While that case dealt with tangible property (shipment of sponges) the principles applicable in that case are applicable in this case. In that case it was held:

"A contract for the sale of a lawful article of commerce in its original package while it was an article of interstate commerce is not governed by sec. 1770b, Stats. 1898, prescribing conditions upon which foreign corporations may transact business in this state and depriving them in certain cases of the right to recover upon contracts made before compliance with its provisions."

If the contention of the defendants should be sustained innumerable interstate transactions would be rendered void and the state of Wisconsin would be on a commercial island. See also *International Textbook Co. v. Peterson* (1907), 133 Wis. 302, 113 N. W. 730; *Catlin & Powell Co. v. Schuppert* (1907), 130 Wis. 642, 110 N. W. 818.

This case is ruled by *Muldowney v. McCoy Hotel Co.* (1936), 223 Wis. 62, 68, 69, 269 N. W. 655. The appellant McCoy Hotel Company contended in that case that the chattel mortgage given by it to the Niagara Building Corporation was void and unenforceable because the plaintiff had not complied

with sec. 226.02 (9), Stats., and for that reason the plaintiff could not acquire any right by virtue of the contract upon which the plaintiff based its action, the property being located in the state of Wisconsin. The court said:

"It is undisputed that the notes secured by the mortgage in question, after indorsement by Esther Muldowney, were transferred and delivered in Illinois to the plaintiff corporation on March 1, 1933; and that it had not been licensed, under sec. 226.02 (1), Stats., to do business in Wisconsin, and had not filed a statement, under sub. (2) of that section. . . . After as well as before the deletion of the words 'in this state,' the filing prescribed by the proviso, in which they were embodied, was required only in respect to the transaction by an unlicensed foreign corporation of 'the business above provided;' . . . and that meant and still means only a transaction in Wisconsin by the making of a loan of 'money here.' That constitutes the 'business above provided' in sec. 226.02 (2), Stats. 1931. And by the use of the word 'here' in the clause 'loan money here' in the definition of the 'business above provided' preceding that subdivision, the applicability of the subsequent proviso therein is clearly limited to the loaning of money 'in this state.' . . . The decisions in *First State Bank v. Harrington,* [192 Wis. 293 (1927), 212 N. W. 665, and *Bradt v. Beloit Dairy Co.* 201 Wis. 319 (1930), 230 N. W. 135], are still applicable when the business transacted elsewhere than in Wisconsin by a foreign corporation, and under and by virtue of which it seeks to recover in this state, was not the loaning of money here by it. Therefore, as the contract under which the plaintiff corporation acquired its rights to the notes and the mortgage and the property described therein, which are involved in this action, was neither a contract by which it loaned money here, nor a contract which was made in Wisconsin, it is valid and enforceable here."

So far as the application of sec. 226.02 (2), Stats., is concerned there is no difference between a conditional sales contract and a chattel mortgage. In each case the holder has the legal title to the property which is held by him as security.

The defendants, after stating that the facts are set out in the complaint, allege:

"We desire to say that there is nothing in the complaint to indicate where the assignment was made. . . . And that the appellant says that the contract was indorsed by the seller in Milwaukee, accepted in Minnesota and a check mailed to the seller."

The defendants dispose of these allegations by calling them an "interpolation." The "interpolation" is sufficient to show that the transaction was made in Minnesota in the absence of an allegation in the answer that it was made in Wisconsin.

The burden is on the defendants to allege the facts which show the transaction to be unenforceable because they constitute defensive matter. The point attempted to be made by the defendants is drawn too fine. *Chickering-Chase Bros. Co. v. White* (1906), 127 Wis. 83, 106 N. W. 797.

*By the Court.*—The order appealed from is reversed and cause is remanded with directions for further proceedings according to law.

* Motion for rehearing denied, with $25 costs, on February 15, 1949.