**Betty F. KOEPP and Walter C. Koepp, Libelants,**

v.

**Robert PETERS and Century Boat Company, a corporation, Respondents.**

No. 59–C–139.

United States District Court
E. D. Wisconsin.

April 14, 1961.

George D. Young, Milwaukee, Wis., for libelants.

Edward B. Hayes, Chicago, Ill., and Harney B. Stover, Jr., Milwaukee, Wis., for respondent, Robert Peters.

Phillip E. Crump, Milwaukee, Wis., for respondent, Century Boat Co.

GRUBB, District Judge.

Respondent, Century Boat Company (hereafter called "Century"), is moving

for an order quashing the monition and dismissing the cause of action as to it on the ground that jurisdiction has not been acquired over it because it has never done business in Wisconsin within the meaning of Section 262.09(4), Wis.Stats. (1957), and is therefore not amenable to service under that section.

The facts in this case, as derived from the pleadings, affidavits, and other papers on file, disclose that Century is a Michigan corporation engaged in the manufacture and sale of various types of boats. Century is not registered with the Secretary of State of Wisconsin and is not authorized to do business in Wisconsin. Nevertheless, Century does have in Wisconsin ten to fifteen franchised dealers which sell Century boats. The boat in which libelant, Betty F. Koepp, was injured was bought from one of those dealers.

The Wisconsin dealers buy the Century boats at a wholesale price and resell them at a nationally established retail price, their profit being the difference between the two prices. Sales by Century to the dealers are paid for in cash or under a finance arrangement. Marine products of companies other than Century are also sold by the dealers.

The dealers order Century boats by phone, mail, or through a factory salesman. Boats so ordered are shipped to the dealers upon their instructions, f. o. b. Manistee, Michigan, and title is passed immediately upon shipment, regardless of whether the boats are paid for outright, are forwarded with a bill of lading attached to a sight draft, or are shipped against a chattel mortgage.

Century sends advertising brochures and literature to its authorized dealers for the latter to distribute. Century also advertises in numerous national periodicals which are sold and distributed throughout Wisconsin. In addition, upon request, Century forwards its brochures to Wisconsin residents.

Century also has a midwest representative who visits Wisconsin approximately twice a year and remains in the state roughly three days on each visit. It is his duty to see the authorized dealers and to solicit sales, handle service problems, and answer any questions which they might have.

Furthermore, Century has occasionally sent factory repairmen into Wisconsin to fulfill warranty inspections of its products. Three such trips were made within the past four years. Generally, however, warranty repairs of Century boats sold in Wisconsin are carried out by the authorized dealers who are then reimbursed by Century.

The issue in this proceeding is whether the activities of Century in Wisconsin, as outlined above, constitute "doing business" as that term is used in Section 262.-09(4), Wis.Stats. (1957), which provides in part:

"If the defendant is a foreign corporation * * * and (a) is doing business in Wisconsin at the time of service, or (b) the cause of action against it arose out of the doing of business in Wisconsin, service may be made * * * by delivering within or without the state a copy of the summons to any officer, director or managing agent of the corporation."

■ Extraterritorial federal process served pursuant to a state statute authorizing extraterritorial personal service, such as Section 262.09(4), is consistent with the Federal Rules of Civil Procedure, 28 U.S.C.A. Kappus v. Western Hills Oil, Inc., D.C.E.D.Wis.1959, 24 F.R. D. 123, 126–127.

■ The Supreme Court of Wisconsin, in interpreting Section 262.09(4), said:

" * * * However, as previously stated herein, this court in promulgating the new sec. 262.09(4), Stats., in 1953 had no intent to place any limitations upon the phrase 'doing business', as employed in such statute, except such as re-

quired by the United States constitution. * * *"[1]

In Wisconsin, therefore, the concept of "doing business" is coextensive with the limits of the due process clause of the federal constitution. See also Dettman v. Nelson Tester Co., Inc., 1959, 7 Wis.2d 6, 95 N.W.2d 804; American Type Founders Co., Inc. v. Mueller Color Plate Co., D.C.E.D.Wis.1959, 171 F.Supp. 249; Ludwig v. General Binding Corp., D.C. E.D.Wis.1957, 21 F.R.D. 178.

The due process limits of personal jurisdiction over nonresidents were outlined in International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, wherein the court said:

"* * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

And in McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, the court declared:

"* * * It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. * * *"

The McGee case also noted the trend of expanding personal jurisdiction over foreign corporations and other nonresidents. However, in Hanson v. Denckla, 1958, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283, the court cautioned:

"* * * it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. * * * However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that

State that are a prerequisite to its exercise of power over him. * *"

■ As has been seen, Century has in Wisconsin a considerable number of authorized dealers who are contacted by a Century sales representative at regular intervals, at which times the representative solicits sales and offers advice regarding Century boats. Moreover, it can be expected that occasionally Century's repairmen will come to Wisconsin to handle warranty repairs. In addition, Century advertises in national magazines, which can be found on any newsstand in Wisconsin; brochures advertising Century boats can be obtained by a Wisconsin resident from any of the authorized dealers or by writing directly to Century. Furthermore, the retail prices charged by the Century dealers in Wisconsin are by agreement in accord with prices established by Century on a national basis. Finally, Century owns property in Wisconsin by virtue of the fact that one means of financing the sale of its boats is through the use of chattel mortgages, which Century retains until the entire purchase price is paid. Under Wisconsin law, a chattel mortgagee has legal title to the mortgaged property. Minneapolis Securities Corp. v. Silvera, 1948, 254 Wis. 129, 35 N.W.2d 322; Illinois Trust & Savings Bank v. Alexander Stewart Lumber Co., 1903, 119 Wis. 54, 94 N.W. 777.

The fact that in general Century carefully arranged to pass title to its boats in Michigan does not hide the reality that the preliminaries necessary for the actual sale to a Wisconsin dealer all take place in Wisconsin. See National Gas Appliance Corp. v. AB Electrolux, 7 Cir., 1959, 270 F.2d 472.

■ In summary, Century has constructed a marketing system which has resulted in the continuous sale of its boats in Wisconsin. This has not been a temporary operation, but a long-established and well-organized venture which has placed Century boats on the many

1. Huck v. Chicago, St. P., M. & O. R. Co., 1958, 4 Wis.2d 132, 138, 90 N.W.2d 154, 158.

Wisconsin waters. Particularly pertinent to the situation here is the statement made in International Shoe Co. v. Washington, 1945, 326 U.S. 310, at page 319, 66 S.Ct. 154, at page 159, wherein the court said:

"It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. * * * Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. * *"

In the court's opinion, Century has continually had more than "minimal contacts" with Wisconsin, and it has been doing business in Wisconsin within the meaning of Section 262.09(4).

Respondent's motion for an order quashing the monition and dismissing the cause of action as to it is hereby denied.