HUCK, Plaintiff, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Defendant: DOUGHBOY INDUSTRIES, INC., Interpleaded Defendant and Appellant: CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Interpleaded Defendant and Respondent.

*April 9—May 6, 1958.*

For the appellant there were briefs by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner*.

For the respondent there was a brief by *Philip Stringer* of St. Paul, Minnesota, *Harold D. Olson* of Baldwin, and *Bender, Trump, Davidson & Godfrey* of Milwaukee, attor-

neys, and *Rodger S. Trump* of counsel, and oral argument by *Rodger S. Trump*.

CURRIE, J. This appeal is concerned with a problem of construction of sec. 262.09 (4), Stats. So far as material here such statute reads as follows:

"If the defendant is a foreign corporation . . . and (a) is doing business in Wisconsin at the time of service, . . . service may be made . . . by delivering . . . without the state a copy of the summons to any officer, director, or managing agent of the corporation."

While Rock Island's brief raises an issue as to whether its agent, upon whom service of process was made at Chicago, is a "managing agent," counsel for such railroad stated in oral argument that such question has now been abandoned. This leaves as the only issue to be determined by this court that of whether Rock Island is "doing business" in Wisconsin within the purview of sec. 262.09 (4), Stats.

Laying aside for the moment any consideration of constitutional law and past court precedents defining the phrase "doing business," there is no question but that Rock Island's extensive activities in Wisconsin constitute the carrying on of business in this state. As will be developed later in this opinion, we are satisfied that a holding by this court, that such business activities carried on in Wisconsin constitute the "doing of business" within the state within the meaning of sec. 262.09 (4), Stats., does not offend either the commerce clause of the United States constitution or the due-process requirement of the Fourteenth amendment. This being so, the problem with which we are faced narrows down to whether we should construe the statutory words "doing business in Wisconsin" liberally from a purely rational and common-sense approach, and hold that Rock Island's activities within the state constitute the doing of business here.

Counsel for Rock Island strenuously contend that we should not, but should interpret such statutory words in the light of numerous past court decisions which have held that mere solicitation of business moving in interstate commerce by a foreign corporation within a state does not constitute "doing business" within such state.

One of the principal cases relied upon by Rock Island is *Green v. Chicago, Burlington & Quincy R. Co.* (1907), 205 U. S. 530, 533, 27 Sup. Ct. 595, 51 L. Ed. 916, wherein the United States supreme court declared:

"The business shown in this case was in substance nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it."

The rule of the *Green Case* has frequently been followed in numerous decisions of federal and state appellate courts · rendered over the years. Annos. 60 A. L. R. 994, 101 A. L. R. 126, and 146 A. L. R. 941. Rock Island's brief points out that this court tacitly followed the above-enunciated rule of the *Green Case* in the two recent cases of *Behling v. Wisconsin Hydro Electric Co.* (1957), 275 Wis. 569, 83 N. W. (2d) 162, and *Prime Mfg. Co. v. Kelly* (1958), 3 Wis. (2d) 156, 87 N. W. (2d) 788. This is because of statements made in the opinions in such two cases indicating that something more than mere solicitation was necessary on the part of a foreign corporation in order to constitute "doing business" in a state other than that of its incorporation. However, in both of those cases this court upheld the service of process there under attack so that the statements therein relied upon by Rock Island are in the nature of dicta. We do not consider such dicta to be necessarily controlling on us in this appeal.

The history of sec. 262.09 (4), Stats., is fully set forth in 30 West's Wis. Stats. Anno., Title 25, pp. 249–252, sec. 262.09. Effective May 1, 1953, this court, pursuant to its rule-making power, repealed such subsection as it then stood and simultaneously promulgated it in the considerably revised form in which it now stands. 262 Wis. pp. v, viii. This was done upon the recommendation of the state judicial council.

This court is disposed to give statutes regulating procedure a liberal interpretation. *Cash Crops Co-operative v. Minnesota Valley C. Co.* (1950), 257 Wis. 619, 622, 44 N. W. (2d) 563, and *Wisconsin Creameries v. Johnson* (1932), 208 Wis. 444, 448, 243 N. W. 498. Another rule of statutory construction which we deem to be applicable here is that great consideration should be given to the object sought to be accomplished by a statute. *State ex rel. Wisconsin Truck Owners Asso. v. Public Service Comm.* (1932), 207 Wis. 664, 678, 242 N. W. 668. We have no hesitancy in holding that the objective of the statute was to give citizens of Wisconsin the right to make use of the courts of this state in instituting causes of action against any foreign corporation, which actually is carrying on business activities within the state, subject only to such limitations as are imposed by the United States constitution. We feel certain that neither the judicial council in proposing the changed wording of sec. 262.09 (4), Stats., nor this court in promulgating the same, had any intention to hamstring such right by adopting into such subsection any definitions of "doing business" laid down in past court decisions, which definitions contained limitations which mistakenly were assumed to be required by the United States constitution.

A federal court in the recent case of *Haas v. Fancher Furniture Co.* (D. C. Ill. 1957), 156 Fed. Supp. 564, was called upon to construe sec. 17 (1) (a), ch. 110 of the Illinois Civil Practice Act enacted in 1955 (Smith-Hurd

Ill. Anno. Stats.), which conferred jurisdiction of the Illinois courts over causes of action against persons or corporations arising from "The transaction of any business within this state." Two foreign corporations there had attacked service of process upon them. The activities of these corporations in Illinois relied upon by the plaintiff as a basis for jurisdiction under such statute consisted of soliciting orders for goods to be shipped into Illinois from outside the state. The court in that case frankly stated (156 Fed. Supp. at p. 567):

"There cannot be any doubt that it was the intention of the drafters of this section to assert the jurisdiction of the state of Illinois over nonresident defendants to the fullest extent permissible under the due-process clause of the Fourteenth amendment and article II, section 2 of the Illinois constitution, S. H. A. . . .

"The words of subsection (a) of section 17 cannot be given a restrictive interpretation based upon the old Illinois 'doing business' cases."

The Illinois Civil Practice Act was drafted by a joint committee of the Illinois State and Chicago Bar Associations appointed by the Illinois supreme court. The reference in the above quotation from *Haas v. Fancher Furniture Co., supra,* to "the intention of drafters" undoubtedly refers to the "Comments" of such joint committee which were printed as a footnote to sec. 17 of such act. However, as previously stated herein, this court in promulgating the new sec. 262.09 (4), Stats., in 1953 had no intent to place any limitations upon the phrase "doing business," as employed in such statute, except such as required by the United States constitution. Therefore, we deem that we are free, as was the federal court in *Haas v. Fancher Furniture Co., supra,* to disregard definitions of "doing business" set forth in prior court decisions which were the result of endeavoring to avoid constitutional pitfalls.

We will now consider the question of whether courts of a state can assert jurisdiction over a foreign corporation whose only activities in such state consist of solicitation of business, and the maintaining of an office to facilitate such solicitation, without violating the United States constitution. The appellant contends that Rock Island's activities in Wisconsin go beyond mere solicitation, which is hotly disputed by Rock Island. However, we are satisfied that it.is wholly immaterial as to which of these opposing views we adopt.

As early as 1914, the United States supreme court in *International Harvester Co. v. Kentucky*, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479, dispelled the theretofore rather widely held view that the activities of a foreign corporation in a state, which were wholly incidental to interstate commerce, could not afford a basis for the courts of such state assuming jurisdiction over the corporation. In the opinion in that case Mr. Justice DAY, speaking for the court, said (pp. 588, 589) :

"True, it has been held time and again that a state cannot burden interstate commerce or pass laws which amount to the regulation of such commerce; but this is a long way from holding that the ordinary process of the courts may not reach corporations carrying on business within the state which is wholly of an interstate commerce character. Such corporations are within the state, receiving the protection of its laws, and may, and often do, have large properties located within the state. . . .

"We are satisfied that the presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state, although the business transacted may be entirely interstate in its character. In other words, this fact alone does not render the corporation immune from the ordinary process of the courts of the state."

However, it was not until *International Shoe Co. v. Washington* (1945), 326 U. S. 310, 66 Sup. Ct. 154, 90 L. Ed. 95, that the death knell was sounded to the rule of the *Green Case* that mere solicitation of business by a foreign corporation in a state was always insufficient to enable the state by appropriate statute to subject such corporation to the jurisdiction of the courts of the state. As in the instant case, there was a dispute as to whether the activities of the foreign corporation's employees in the state seeking to assert jurisdiction consisted only of solicitation, or of something slightly additional in nature. The court held that the test of jurisdiction did not depend upon drawing a line between solicitation and other activities but rather whether the foreign corporation had such minimal contacts with the state as would not offend the concepts of due process if the courts of the state subjected such corporation to their jurisdiction. This clearly appears from the following extract from Mr. Chief Justice STONE's opinion (326 U. S. at p. 319) :

"It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less. *St. Louis S. W. R. Co. v. Alexander* [227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486], *supra,* 228; *International Harvester Co. v. Kentucky* [234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479], *supra,* 587. Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due-process clause to insure. That clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations."

Cleary and Seder in an article entitled, "Extended Jurisdictional Bases for the Illinois Courts," 50 Northwestern University Law Review, 599, 608, state:

"Constant or repeated solicitation of business by agents within the state clearly comes within the rule of the *International Shoe* decision."

It is our considered judgment that the solicitation activities of Rock Island in this state were of such substantial and extensive nature as to constitute the doing of business within the state under the provisions of sec. 262.09 (4), Stats., and we so hold.

The United States supreme court's opinion in the *International Shoe Case* states that an " 'estimate of the inconveniences' " which would result to a corporation from a trial away from its " 'home,' " or principal place of business, in a particular case, is a relevant factor in passing upon the issue of due process (326 U. S. at p. 317). See also *Electrical Equipment Co. v. Hamm* (8th Cir. 1954), 217 Fed. (2d) 656, 660. In the instant case, Rock Island's alleged acts of negligence, upon which it is attempted to assert liability against it, occurred outside of Wisconsin. However, Rock Island has raised no issue of violation of due process grounded upon any inconvenience it might be caused by having to stand trial in Wisconsin. We, therefore, do not deem such question is before us on this appeal.

*By the Court.*—Order reversed.

HALLOWS, J., took no part.