**Harold C. KAPPUS, Plaintiff,**

v.

**WESTERN HILLS OIL, INC., a Corporation, James G. Bennett, John Gilmartin, Claude H. Treat, Jr., and G. F. Dohrn, Defendants.**

**Civ. A. No. 58–C–193.**

United States District Court
E. D. Wisconsin.
June 25, 1959.

Robert J. Joling, Kenosha, Wis., for plaintiff.

William T. Rieser, Madison, Wis., John T. Gibson, Tulsa, Okl., of counsel, for all defendants.

A. K. Swann, Evansville, Ind., for defendant, Western Hills Oil, Inc.

GRUBB, District Judge.

Plaintiff filed his first complaint in this action on July 3, 1958, alleging breach of contract. The summons and complaint were served on the corporate defendant, Western Hills Oil, Inc., hereinafter referred to as "Western," by a U. S. Marshal's personal service on the corporation's Executive Vice President in Tulsa, Oklahoma. Service on individual defendant James G. Bennett was obtained by a U. S. Marshal's personal service in Festus, Missouri. Defendants filed a motion to dismiss for lack of jurisdiction over their persons and brief in support. In plaintiff's answering brief counsel attempted to add a claim for violation of the Wisconsin Securities Law, W.S.A. § 189.01 et seq., and asserted such as a basis for jurisdiction over the defendants.

On September 16, 1958, plaintiff filed a first amended complaint reasserting his claim for breach of contract and alleging an additional claim for violations of the Wisconsin Securities Law. The amended complaint was served in the same manner as the original complaint. Western and Bennett again moved to dismiss the action for lack of jurisdiction. Although the parties were prepared to stand on their original briefs, the court called for additional briefs to cover certain unsupported propositions.

In his supplemental brief, plaintiff asserted for the first time the Federal Securities Acts, 15 U.S.C.A. § 77a et seq., as a basis for this court's jurisdiction.

After hearing argument on the motion to dismiss, the court granted the plaintiff leave to file a second amended complaint without imposing terms. Plaintiff then filed a second amended complaint alleging in one count, running eighteen pages, claims for breach of contract, violations of the Wisconsin Securities Law, violations of the Federal Securities Acts and regulations, hereinafter referred to as Federal Securities Acts claims or violations, "misrepresentations, untrue statements, schemes, plans, illegal acts and fraud." Plaintiff joined in this one count, in addition to the original two defendants, eight more individual defendants. All defendants were personally served outside the State of Wisconsin. Subsequently, the parties stipulated to the dismissal as to all defendants except Western, James G. Bennett, John Gilmartin, Claude H. Treat, Jr., and G. F. Dohrn. Defendants again moved to dismiss the action for lack of jurisdiction over the persons and the subject matter and filed a brief in support.

Facts

Plaintiff's second amended complaint and affidavit in support assert that on January 21, 1957, Western solicited plaintiff in Kenosha, Wisconsin, and then and there entered into a written agreement evidenced by a receipt of payment by Kappus of $20,000 for a one-half working interest in a certain oil and gas lease. On December 20, 1957, in Kenosha, Western and Kappus substituted a new agreement. This new agreement released Western from certain obligations and added, among others, Western's promise that it would not mortgage the equipment or material used in developing the Simpson lease without first obtaining Kappus' authorization; that ninety days from the ensealing of the agreement Western would have completed the sixth oil well contracted pursuant to the January 21, 1957, agreement; and that if Western failed to comply within the time designated, the agreement would be void, and the investment of Kappus would be returned to him in full together with 6 per cent penalty payment as stipulated damages.

Western further represented that no mortgages or liens were then in existence against any of the salvage equipment or materials used in the development of the Simpson lease.

James G. Bennett and John Gilmartin were made defendants based upon the allegation that the December 20, 1957, agreement was made at the request of Bennett who signed as Vice President for Western and with the knowledge and consent of Gilmartin, then President of Western.

G. F. Dohrn was made a defendant on the allegation that he was a director of Western on December 20, 1957, and Claude H. Treat, Jr., was made a defendant based upon the assertion that he was the Executive Vice President of Western on December 20, 1957.

Plaintiff alleges that defendants breached their contract in not completing a well within ninety days and in having mortgaged the equipment or materials used in developing the Simpson lease without plaintiff's authorization. Plaintiff alleges further that despite Western's representations to the contrary, "mortgages or liens" against the "equipment or materials" used in the development of the Simpson lease existed at the time the agreement was made. These and other acts are complained of as breaching the contract and as being in violation of the Wisconsin Securities Law and the Federal Securities Acts.

### Jurisdiction Over Western Hills Oil, Inc.

The State of Wisconsin authorizes the exercise of personal jurisdiction over a foreign corporation in actions against the corporation which arise out of the doing of business in Wisconsin. Wis. Stats. § 262.09(4) (1957).

■ This court held in American Type Founders, Inc. v. Mueller Color Plate Co., D.C.E.D.Wis.1959, 171 F.Supp. 249, that the solicitation and execution of a contract in Wisconsin for the sale and installation of equipment and certain other minor activities constituted "doing business" in Wisconsin. Under the same principles, the solicitation and sale of a security in Wisconsin to a Wisconsin resident constitutes "doing business." It is sufficient for purposes of the Fourteenth Amendment that the action against Western is based on a contract which had substantial connection with this State. See also McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Huck v. Chicago, St. P., M. & O. R. Co., 1958, 4 Wis.2d 132, 90 N.W.2d 154; and Dettman v. Nelson Tester Co., 1959, 7 Wis.2d 6, 95 N.W.2d 804.

Thus, the State had the power and authorized the exercise of its power over a corporation in circumstances as here before the court, and personal service made outside of the State of Wisconsin on the Secretary of the defendant corporation was sufficient to adequately give notice to the defendant corporation and conform with the requirements of due process. Behling v. Wisconsin Hydro Electric Co., 1957, 275 Wis. 569, 83 N.W. 2d 162.

■ The question is raised as to whether personal service without the State is consistent with the Federal Rules of Civil Procedure, 28 U.S.C.A.

Rule 4(d) (7) states that it is " * * * sufficient if the summons and complaint are served * * * in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Section 262.09(4) of the Wisconsin Statutes provides:

"If the defendant is a foreign corporation * * * and * * * (b) the cause of action against it arose out of the doing of business in Wisconsin, service may be made * * * by delivering within or without the state a copy of the sum-

mons to any officer, director or managing agent of the corporation."

Rule 4(f) states:

*"Territorial Limits of Effective Service.* All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

The question of whether Rule 4(f) prohibits federal service outside the State even though the State authorizes extraterritorial service appears to be one of first impression. The case of Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307, 311, holds that when a State court authorizes a procedure for service in nonresident motor vehicle cases, the Federal Court may serve process in the same manner, Rule 4(f) notwithstanding. The opinion of Chief Judge Biggs in the Giffin case cites in support of its holding the statement of Judge (then Dean) Charles E. Clark, a member of the Advisory Committee to the Supreme Court, with respect to Rule 4(d) (7) that:

" * * * and (7) is a kind of catchall, providing that in classes (1) and (3) above,—that is, those dealing with the individual or the corporation or association—any form of service which would be good in the State where the district court is sitting shall also be held good in the federal court."

It should be noted that the Giffin decision upholds notice to a nonresident defendant without resting on the distinction that service was made upon a local agent. 1 Barron and Holtzhoff, Federal Practice and Procedure, § 184 (rules ed. Supp. 1958).

Professor Moore states:

"If (the) * * * element of personal service were deemed essential to due process, the question would arise whether, in a federal action, such service outside the state would conflict with Federal Rule 4 (f) prescribing 'territorial limits of effective service.' It would seem not, because clause (f) evidently refers to ordinary original service, and was not intended to restrict the effectiveness of state substituted service when federal process is served in that manner." 2 Moore, § 4.19, pages 948–949 (2nd ed. 1948).

In the same vein, Rule 4(f) should not be interpreted to restrict the effectiveness of State authorized personal extraterritorial service when federal process is served in that manner. Therefore, the service is deemed sufficient as to Western.

### Joinder of Claims That Are Not Properly Before This Court

■ Plaintiff has joined in one count with alleged Federal Securities Acts violations additional claims which cannot be brought in this district against the individual defendants here involved.

If plaintiff's complaint alleged only the breach of contract and Wisconsin statutory claims, the attempted service on the individual defendants would have been insufficient as beyond the area of authorized service. Rule 4(f), F.R.Civ.P.

Congress has authorized special service in cases brought under the Federal Securities Acts. Although the court has jurisdiction over certain of the Securities Acts claims, the court has no authority to allow a party to join additional claims which could not be brought in this district originally. See Lasch v. Antkies, D.C.E.D.Pa.1958, 161 F.Supp. 851.

Thus, the non Federal Securities Acts claims against the individual defendants Gilmartin, Bennett, Treat, and Dohrn cannot stand and must be stricken from plaintiff's one count complaint.

### Jurisdiction Over Federal Securities Acts Claims Against Treat and Dohrn

■ Plaintiff has joined Dohrn and Treat as defendants based upon the allegation that Dohrn was a director of Western on December 20, 1957, and that Treat was an Executive Vice President of Western. Defendants Dohrn and Treat moved to dismiss for lack of jurisdiction, submitting affidavits in support of their motions stating that Treat did not become an officer or director of Western until April, 1958, and had no knowledge of these transactions prior thereto nor any interest in Western, and that Dohrn had no knowledge of the transactions until April, 1958.

The claims plaintiff attempts to assert against these two defendants must be dismissed because the defendants' uncontradicted affidavits establish that these defendants had no connection with the acts complained of. Plaintiff has attempted to bring these defendants in under Title 15 U.S.C.A. § 77o*. Without deciding whether the allegation that defendant Dohrn was a director and Treat was an Executive Vice President is a sufficient allegation of control, the uncontradicted affidavits of these defendants conclusively establish their lack of control and, therefore, the lack of jurisdiction over the claims against these defendants.

The motions of defendants Treat and Dohrn are granted.

### Defective Pleading

■ The court would be derelict in its duty if it failed to take cognizance of plaintiff's gross disregard of the rules of pleading. Rule 8(a) of the F.R.Civ.P. provides:

"A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, * * *."

Plaintiff has made no attempt to comply with this Rule.

Rule 8 further provides that a pleading shall contain "(a) (2) a short and plain statement of the claim showing that the pleader is entitled to relief, * * *" and that " (e) (1) Each averment of a pleading shall be simple, concise, and direct."

Counsel's garbled pleading of all the aforementioned claims in one eighteen page count running against all the defendants is neither short, plain, simple, concise, nor direct. In short, plaintiff has failed to comply with Rule 8 in letter or spirit and has put undue burden on the court and counsel to determine how plaintiff is here and why. This is all the more offensive because the court and counsel are dealing with plaintiff's second amended complaint. Plaintiff's failure to seasonably determine and set forth his position in a properly organized manner has unduly taxed the court and the parties. Counsel for the various defendants have patiently endured the imposition of having to travel from afar to Milwaukee for two hearings and having to exchange three sets of briefs, seemingly without an end in view. Neither the court docket nor any litigant should be so imposed upon.

For the reasons that the court has no jurisdiction over plaintiff's non Federal Securities Acts claims against individual defendants Bennett, Gilmartin, Treat and

* "§ 77o. *Liability of controlling persons.* Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77*l* of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.."

Dohrn, and that the court has no jurisdiction over plaintiff's Federal Securities Acts claims against defendants Treat and Dohrn, and because plaintiff has grossly violated Rule 8 of the F.R.Civ.P., the second amended complaint is hereby dismissed with leave to replead as to Western, Gilmartin, and Bennett within thirty days upon payment of $200 motion costs to counsel for defendants Western, Gilmartin, and Bennett.