Lau, Plaintiff and Respondent, v. Chicago & North Western Railway Company, Defendant: Missouri Pacific Railroad Company, Defendant and Appellant.

*September 6—October 3, 1961.*

332

The cause was submitted for the appellant on the briefs of *Quarles, Herriott & Clemons,* attorneys, and *Lester S. Clemons* and *William K. McKibbage* of counsel, all of Milwaukee, and for the respondent on the brief of *Nathaniel D. Rothstein,* attorney, and *Paulsen, Wake & Prosser* of counsel, all of Milwaukee.

BROWN, J.   In *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 4 Wis. (2d) 132, 90 N. W. (2d) 154, the Rock

Island Railroad presented facts practically identical to those which Mo Pac now brings before us concerning the character and extent of its activities in this state. After careful consideration of the decisions bearing upon the subject we determined that the solicitation activities of Rock Island in this state were of such substantial and extensive nature as to constitute the doing of business within the state under the provisions of sec. 262.09 (4), Stats. 1957, and subjecting Rock Island to the jurisdiction of the Wisconsin court does not offend the commerce clause of the United States constitution nor the due-process requirement of the Fourteenth amendment. See also *Dettman v. Nelson Tester Co.* (1959), 7 Wis. (2d) 6, 13, 95 N. W. (2d) 804; *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 371, 108 N. W. (2d) 552.

In that case Rock Island's soliciting activities did not contribute to the plaintiff's cause of action, precisely as in the case at bar. Nevertheless appellant contends here that "it would be a violation of federal due process for the Wisconsin courts to exercise jurisdiction over Missouri Pacific because the cause of action alleged did not arise out of its solicitation activity in Wisconsin." Whatever favor might ever have been accorded that proposition, the law was settled to the contrary by *Perkins v. Benquet Consolidated Mining Co.* (1952), 342 U. S. 437, 72 Sup. Ct. 413, 96 L. Ed. 485. The court then held that the due-process clause of the Fourteenth amendment did not prohibit the state court from taking jurisdiction although defendant's activities in the state were in no way related to plaintiff's cause of action. And see the annotation to that case appearing at page 496 of 96 L. Ed.

Expressly recognizing that Rock Island's activities in Wisconsin were unconnected with the accident which produced the injury we reaffirm our decision in *Huck v. Chicago, St. P., M. & O. R. Co., supra.*

As far as it goes, *Huck* rules the case at bar, that is, Mo Pac's solicitation activities bring it within the jurisdiction of a Wisconsin court. But Mo Pac points out that in *Huck* the court was not called upon to consider nor did it pass upon any contention that Wisconsin's jurisdiction might be defeated because of a foreign defendant's inconvenience in presenting its defense in Wisconsin.

Assuming that the nonresident has been properly served with process in the action, "due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" STONE, C. J., in *International Shoe Co. v. Washington* (1945), 326 U. S. 310, 316, 66 Sup. Ct. 154, 90 L. Ed. 95. Appellant here does not assert that service of process was defective. Mo Pac's contacts with Wisconsin are the same as Rock Island's were in *Huck.* The maintenance of this suit in Wisconsin does not offend traditional notions of fair play and substantial justice. Valid service of process plus existence of minimal contacts initially satisfy the requirements of due process in maintaining the action in a Wisconsin court. Jurisdiction by Wisconsin has then been acquired. Subsequently the question of whether the previously acquired jurisdiction should be retained is to be resolved in a consideration of *forum non conveniens.*

As "estimate of the inconveniences" which would result to the corporation from a trial away from its home or principal place of business is a factor relevant to the fairness and substantial justice of requiring the corporation to stand trial in the state where the action was brought. *International Shoe Co. v. Washington, supra,* at page 317. Judge LEARNED HAND of the United States court of appeals,

second circuit, in *Latimer v. S/A Industrias Reunidas F. Matarazzo* (2d Cir. 1949), 175 Fed. (2d) 184, 186, held that *International Shoe Co. v. Washington, supra, Gulf Oil Corp. v. Gilbert* (1947), 330 U. S. 501, 67 Sup. Ct. 839, 91 L. Ed. 1055, and *Koster v. Lumbermens Mut. Casualty Co.* (1947), 330 U. S. 518, 67 Sup. Ct. 828, 91 L. Ed. 1067, determined that the plea of *forum non conveniens* was always open to a defendant in a case depending upon diverse citizenship even where the personal jurisdiction was unquestioned. Judge HAND concluded that these decisions answer any constitutional objection to dispensing with the aforesaid "estimate of the inconveniences" factor because the nonresident corporation could relieve itself of any oppressive prejudice by recourse to the plea, *forum non conveniens.* Hence, for practical purposes, he said, it will be enough if the factor of inconvenience to the defendant by trial in the state where suit is brought be tried out along with a plea, *forum non conveniens.*

Mo Pac's motion is to quash the service of summons and dismiss the action on the ground that the inconvenience which that defendant would encounter in defending this action in the courts of Wisconsin is such as to render a trial in that forum a denial of defendant's rights under the due-process clause of the Fourteenth amendment. That motion, resting on the alleged inconvenience to defendant of trial in that forum, is in substance a plea of *forum non conveniens* which plea, as Judge HAND asserted, *supra,* is constitutionally adequate to determine whether trial in this state would be unconstitutionally, prejudicially oppressive to the defendant. The circuit court treated Mo Pac's motion as tantamount to a plea of *forum non conveniens* and applied the principles appropriate to that plea. We think the learned trial court did so correctly.

Mr. Justice JACKSON discussed these principles in the majority opinion in *Gulf Oil Corp. v. Gilbert* (1947), 330

U. S. 501, 508 and following, 67 Sup. Ct. 839, 91 L. Ed. 1055. Among them we quote, from page 508:

"An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

In his opinion in *Kilpatrick v. Texas & P. R. Co.* (2d Cir. 1948), 166 Fed. (2d) 788, 790, 791, Judge HAND interprets *Gulf Oil Corp. v. Gilbert, supra,* as empowering or directing the trial court to "balance the conflicting interests involved: *i.e.,* whether the gain to the plaintiff retaining the action where it was, outweighed the burden imposed upon the defendant; or vice versa. That question is certainly indistinguishable from the issue of *'forum non conveniens.'* . . . when a railroad or any other corporation is doing business continuously outside the state of its incorporation, that 'presence' which subjects it to personal service in actions for which no venue is specifically provided, depends upon the issue of *'forum non conveniens.'* "

The learned trial court properly considered the disadvantages and inconveniences of each party in a trial in a Wisconsin court, balancing the respective interests of the plaintiff and of Mo Pac. We consider that the expense or

inconvenience accruing to the defendant in a trial here does not outweigh that imposed on the plaintiff by a trial elsewhere, nor is there any probability that justice can be better served in another forum than Wisconsin where the accident took place. Mo Pac stresses the expense incident to bringing to Wisconsin its two train crews who had handled the freight car while it was in Mo Pac's possession and control in Nebraska. On the other hand, if plaintiff must try his case in Nebraska or Missouri plaintiff will have similar travel expense for his witnesses—eyewitnesses to the accident—and his numerous medical witnesses. Moreover, Mo Pac's witnesses are its own employees and presumably amenable to its directions to attend wherever the trial is had, while plaintiff has no such similar ability to produce his witnesses in a trial away from Wisconsin. To repeat, the plaintiff's choice of forum should rarely be disturbed and in our view, as in that of the learned trial court, this is not one of those rare occasions.

We conclude that Judge DRECHSLER's order denying Mo Pac's motion should be affirmed.

*By the Court.*—Order affirmed.

HALLOWS, J. (*concurring*). I concur in the result but not with the reasoning that the question of due process may be decided as an issue of *forum non conveniens*. As I understand *International Shoe Co. v. Washington* (1945), 326 U. S. 310, 66 Sup. Ct. 154, 90 L. Ed. 95, the question of due process goes to the very basis of jurisdiction. In this case, the court was considering the problem of "presence" of a corporation within a state in order to determine *in personam* jurisdiction. In speaking of the activities of a corporation within the state which would be sufficient, the court said certain minimal contacts must, in fact, exist so that the maintenance of the suit would not offend "traditional notions of fair play and substantial justice." In re-

ferring to the requirements of due process, the court said, page 317, "Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant in this connection," citing *Hutchinson v. Chase & Gilbert* (2d Cir. 1930), 45 Fed. (2d) 139. The court also stated, page 319:

"It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less. *St. Louis S. W. R. Co. v. Alexander, supra,* 228; *International Harvester Co. v. Kentucky, supra,* 587. Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due-process clause to insure."

In *Hutchinson v. Chase & Gilbert, supra,* which introduced the idea of "estimate of the inconveniences," the court did not say how the inconvenience to the defendant was to be determined or whether there should be a balancing of inconvenience to the defendant and the plaintiff. *International Shoe Co. v. Washington, supra,* makes the inconvenience to the defendant one of the elements to be considered in determining whether relatively slight contacts with a state are sufficient so that exercise of jurisdiction by the courts of that state fulfil the due-process requirement; otherwise,

the test of what will amount to the minimal of contacts is purely a mechanical and quantitative measure rather than the due-process concept of minimal contacts which is the equivalent of jurisdiction.

Judge LEARNED HAND, in his opinion in *Kilpatrick v. Texas & P. R. Co.* (2d Cir. 1948), 166 Fed. (2d) 788, referred to the two-element theory of presence in stating the issues involving the inconvenient factors were the same as those determined on a plea *forum non conveniens*. This statement put an erroneous construction on what the United States supreme court said in the *International Shoe Case* in using the term "estimate of the inconveniences."

In *Latimer v. S/A Industrias Reunidas F. Matarazzo* (2d Cir. 1949), 175 Fed. (2d) 184, it was stated that *Gulf Oil Corp. v. Gilbert* (1947), 330 U. S. 501, 67 Sup. Ct. 839, 91 L. Ed. 1055, and *Koster v. Lumbermens Mut. Casualty Co.* (1947), 330 U. S. 518, 67 Sup. Ct. 828, 91 L. Ed. 1067, answered any constitutional objection to dispensing altogether with the inconvenience element in determining presence of a corporate defendant for the purpose of jurisdiction of the court because a defendant could relieve himself of any oppressive prejudice by recourse to the plea *forum non conveniens*. This is curious logic. The *Gulf Oil Corp.* and the *Koster Cases* dealt only with the power of a federal court to apply the doctrine of *forum non conveniens*. Neither case involved a question of jurisdiction and the *International Shoe Case* was not cited. *Latimer* excises from the concept of jurisdiction the element of inconvenience to the defendant, which *International Shoe* makes an inseparable ingredient of minimal contacts, and examines it under the microscope as tissue of *forum non conveniens*. To try the two issues together, or to determine jurisdiction as if it involved the doctrine of *forum non conveniens,* can

only lead, for all practical purposes, to confusion and error. As pointed out by Mr. Justice JACKSON in *Gulf Oil Corp. v. Gilbert, supra,* the doctrine of *forum non conveniens* can never apply if there is an absence of jurisdiction and, on page 506, stated:

"In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them."

I believe *Latimer* was wrong in stating that for all practical purposes, although admitting a distinction in theory, that the determination of the issue of *forum non conveniens* determines the jurisdictional issue. Conceding for the sake of argument that the inconvenience to the defendant can be determined out of its relationship to the local activities and to the particular action, the result claimed does not necessarily follow. The inconvenience to the defendant of being sued in the forum may be of such magnitude as not to satisfy due process and would violate traditional notions of fair play and substantial justice, but such inconvenience considered under the broader issue of *forum non conveniens* may be relatively less than the inconvenience to the plaintiff and other factors taken into consideration in applying such doctrine.

What the trial court did and what the majority opinion approves is to divide the concept of jurisdiction into quantitative local activities and inconvenience, and after determining the local activities were at least minimal by analogy to *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 4 Wis. (2d) 132, 90 N. W. (2d) 154, tried the inconvenience issue as if it were raised under the doctrine of *forum non conveniens.*

However, we would affirm the lower court on the facts because the inconvenience to the defendant of defending this suit, which is for personal injuries sustained in the forum

allegedly caused by negligence in the operation or maintenance of its boxcar door, bears a reasonable relationship to the defendant's railroad activities localized in this state and those contacts in that light do not offend traditional notions of fair play and substantial justice to require the defendant to defend the suit in this state. Thus Wisconsin has jurisdiction of the defendant in this action.

I am authorized to state that Mr. Justice FAIRCHILD concurs in this opinion.