The **FALK CORPORATION**, a corporation, Plaintiff,

v.

**UNITED STATES AVIATION UNDERWRITERS**, Incorporated, the Aetna Casualty & Surety Company, and Zurich Insurance Company, corporations, Defendants.

No. 68–C–70.

United States District Court
E. D. Wisconsin.

Nov. 10, 1969.

Gibbs, Roper & Fifield, by Clay R. Williams, Milwaukee, Wis., for plaintiff.

Arnold, Murray & O'Neill, by Suel O. Arnold, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved for a resolution of the second, third, and fourth defenses asserted by the defendant, United States Aviation Underwriters, Inc. (USAU), in its answer to the second cause of action.  This defendant alleges

that the court lacks personal jurisdiction over it because it is a New York corporation and was not licensed to do business and was not doing business in Wisconsin.

This is an action by the owner of a damaged aircraft against the insurers under an insurance policy covering physical loss or damage to the aircraft. The aircraft was seriously damaged when it struck a utility pole during takeoff.

Twenty insurance companies form the United States Aircraft Insurance Group; this group, which issued the policy to the plaintiff, is managed by the defendant USAU. The other defendants are two of the insurance companies which belong to the group.

Mr. W. Whitehead, a vice president of the defendant USAU, was served personally at his office in New York with a summons and complaint pursuant to Wis. Stat. § 262.06(5) (a). The defendant, however, contends the service was not sufficient to effect personal jurisdiction.

The insurance policy in question was solicited in Wisconsin by Mr. V. G. Carlsen, an insurance agent for Henry Gollusch & Son, Inc., an insurance agency in Milwaukee, Wisconsin. This act of solicitation was apparently done for the benefit of the defendant USAU, and therefore it can be said that Mr. Carlsen was acting as an agent of USAU.

It is unnecessary for the court to decide whether the defendant USAU was an insurer under Wis.Stat. § 262.05(10) (a), because the court finds that there is personal jurisdiction over USAU under rule 4(e), Federal Rules of Civil Procedure, and Wis.Stat. § 262.05(1) (d). The defendant USAU was engaged in substantial and not isolated activities within Wisconsin when it solicited the policy in question; it also carried on other activities in that it employed adjusters in Wisconsin, according to an affidavit on file.

The Wisconsin supreme court in Huck v. Chicago, St. P., M. & O. R. Co., 4 Wis. 2d 132, 137, 90 N.W.2d 154 (1958), stated that it "is disposed to give statutes regulating procedure a liberal interpretation", limited only by due process considerations. The due process requirements have been met in the case at bar. McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The defendant was engaged in substantial activity in Wisconsin at the time of commencement of the action.

Therefore, it is ordered that defendant USAU's second, third, and fourth defenses to the plaintiff's second claim be and hereby are stricken.