Bond and another, Plaintiffs and Respondents, v. Harrel and another, Defendants: National Trade Publication Service, Inc., Defendant and Appellant.

*March 9—April 4, 1961.*

For the appellant there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner*.

For the respondents there was a brief by *Herrick & Sigl* of Eau Claire, and oral argument by *Kenneth L. Sigl*.

HALLOWS, J. The appellant contends: (1) That the court did not acquire jurisdiction by service on it in Missouri, and (2) that Jesse J. Harrel as a matter of law was an independent contractor and consequently any negligence of Harrel or his wife could not be imputed to the appellant.

A court may acquire jurisdiction over a foreign corporation under sec. 262.09 (4), Stats. 1957, if the foreign corporation is "doing business in Wisconsin" at the time of service or the cause of action against it arose out of "the doing of business in Wisconsin" and the summons is served on an officer of the corporation outside the state. What constitutes doing business within the purview of this statute has been the subject of several recent decisions by this court. In view of the disposition which we make of the second contention of the appellant, it is not necessary to discuss the case law or the facts, which will be stated later. Under the test laid down in *International Shoe Co. v. Washington* (1945), 326 U. S. 310, 66 Sup. Ct. 154, 90 L. Ed. 95, and followed by this court in *Behling v. Wisconsin Hydro Electric Co.* (1957), 275 Wis. 569, 83 N. W. (2d) 162, *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 4 Wis. (2d) 132, 90 N. W. (2d) 154, and *Dettman v. Nelson Tester Co.* (1959), 7 Wis. (2d) 6, 95 N. W. (2d) 804, the appellant had sufficient contact, ties, and relation within this state to sustain jurisdiction. In passing, we point out that ch. 262, Stats. 1957, which governs this case, has been revised effective July 1, 1960; the chapter now specifically sets forth which activities in the state by a foreign corporation are grounds for jurisdiction. The trial court was correct in holding the appellant was doing business in Wisconsin for jurisdictional purposes.

The affidavits and proof in support of and in opposition to the motions consist of an adverse examination and deposition of the president of appellant, certain documents including the contract between the appellant and Jesse Harrel and

affidavits of counsel based upon such testimony. A large portion of the affidavits of both counsel must be disregarded as constituting arguments, or facts not within the affiant's knowledge, or conclusions of law. On summary judgment, if the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead to only one conclusion, then only a matter of law is presented which should be decided upon the motion. See *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807.

The material facts are not in dispute. The appellant is a Missouri corporation engaged in the business of soliciting and brokering magazines and trade-journal subscriptions. It operates its business through 15 to 25 solicitation crews and with some 200 to 300 individual salesmen. The subscriptions are forwarded to appellant which then sends them to the publisher, with the publishers, in some instances, receiving no part of the subscription price, in others a small portion thereof, and in other instances paying the appellant something in addition to the subscription price for the orders. The crew managers hire and make their own contract for compensation with the crew members. The crews are free to move from place to place in the United States to make their house-to-house solicitations.

The appellant entered into a contract with defendant Jesse Harrel and another person whereby Harrel, designated an independent contractor and not an employee, and his crew were to sell subscriptions to magazines whose publishers the appellant represented as field representative. Harrel was to receive 70 per cent commission on the money received for the subscriptions, out of which he paid his crew members according to his agreement with them. By the terms of the contract, Harrel was to report all orders and make a full accounting of the moneys collected, but was allowed to keep

50 per cent of the amount collected toward his commission. The balance of his commission was paid to him monthly. Subscriptions were paid in cash or by check. Those checks made payable to appellant were sent to the company but Harrel was to make good any bad checks. Subscriptions, when made, were binding contracts and were not subject to appellant's approval. Sales were to be reported daily so far as possible, but in practice Harrel reported weekly. Appellant furnished the receipt forms, report forms, envelopes, and sales material, which were to be used by Harrel and his crew. Harrel was also furnished a field-manager credential authorizing him to represent appellant and to engage subagents. Under this credential he had authority to register himself and the members of his crew as representatives of appellant in localities requiring registration for house-to-house canvassers. The contract could be canceled by either party upon breach and Harrel agreed to abide by appellant's policies, not to solicit subscriptions for any publications not authorized by appellant, and not to allow any untrue sales canvasses to be made by his crew.

Appellant had no sales meeting or training program. What training the crew members and crew managers had was either self-taught or gained from experience. Appellant furnished no cars or means of transportation to the crew or its manager and did not pay any of their expenses. It withheld nothing for income tax, social security, or unemployment. There was no quota to be filled and Harrel's rate of commission did not depend upon the volume of sales. Appellant had no office or property, and was not licensed to do business, in Wisconsin.

Crews had been coming into Wisconsin for many years for a week or two annually, generally in the summer. At the time of the accident, Harrel and his crew were traveling from Superior, Wisconsin, where they had been working, to Madison, Wisconsin.

Whether a person is an agent or an independent contractor has been decided many times. See Anno. 19 A. L. R. 226, for an exhaustive discussion. Several factors must be taken into consideration in determining the question. The most-important single indicium is who has retained the right to control the details of the work. *Madix v. Hochgreve Brewing Co.* (1913), 154 Wis. 448, 143 N. W. 189. In *James v. Tobin-Sutton Co.* (1923), 182 Wis. 36, 39, 195 N. W. 848, this court, after reviewing the cases, approved the following language from the note in 19 A. L. R., p. 235, sec. 4:

" 'An independent contractor is a person employed to perform work on the terms that he is to be free from the control of the employer as respects the manner in which the details of the work are to be executed.' "

Other factors besides control should be considered, such as the place of work, the time of employment, the method of payment, the right of summary discharge of employees, the nature of the business or occupation, which party furnishes the instrumentalities or tools, and the intent of the parties to the contract. We have held that a salesman on commission was, as a matter of law, an independent contractor. *Badger Furniture Co. v. Industrial Comm.* (1929), 200 Wis. 127, 227 N. W. 288; *Kassela v. Hoseth* (1935), 217 Wis. 115, 258 N. W. 340; *Kruse v. Weigand* (1931), 204 Wis. 195, 235 N. W. 426.

Likewise, whether a salesman was an independent contractor or an agent on particular facts may be a question of fact. *Thurn v. La Crosse Liquor Co.* (1951), 258 Wis. 448, 46 N. W. (2d) 212; *Harris v. Richland Motors* (1959), 7 Wis. (2d) 472, 96 N. W. (2d) 840.

In the instant case, the appellant furnished none of the instrumentalities or tools. Harrel and his crew could work any place in the United States; he did not work at appellant's

place of business in Kansas City. Harrel was free to work as much or as little and at what times he chose. The compensation was a straight commission, most of which was retained directly from sales. He managed his crew and sold subscriptions according to his own methods and was not subject to the control of appellant as to the details or the manner in which he worked. The contract provided Harrel was to be an independent contractor and while such a designation is not controlling, it is an element to be taken into consideration.

It is argued the appellant studiously attempted to set up its organization so as to avoid responsibility for the acts of Harrel and his crew and, on public policy, should have the negligence of his representatives imputed to him as a cost of doing business for the protection of the public. However, it is not unlawful for two persons to create a valid relationship of employer and independent contractor. If such relation is established, it must be recognized. The motives of businessmen for choosing one method of doing business over another does not determine the invalidity of the method. True, Harrel was a representative of appellant and in that sense was an agent, but in performing the contract, Harrel was an independent contractor. A representative may be an independent contractor.

Respondent argues that Harrel was not free to act on behalf of anyone else who desired his services. Such factor is not controlling if true. However, there is testimony that Harrel could sell subscriptions other than those handled by appellant, the only limitation being that he should not send such subscriptions to appellant, as appellant had no means of disposing of them. Respondent further argues that appellant, because of the nature of the business, retained all the control necessary to the success of its business. This may

be, but it does not follow the relationship is that of master and servant or employer and employee. The test is not what control is needed by the employer but what control he retained. The requirement to use appellant's report forms and receipt forms and to report sales daily so far as possible was not sufficient control over the details of the work. Not only the material facts are not in dispute but, upon the evidence, the only reference which can reasonably be drawn is that Harrel was an independent contractor. Restatement, 1 Agency (2d), p. 12, sec. 2, states the rule as follows:

"(3) An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. He may or may not be an agent."

The trial court was, therefore, in error in denying the motion.

*By the Court.*—That part of the order denying appellant's motion for summary judgment based on the ground the court had jurisdiction is affirmed; that part of the order denying the motion of appellant for summary judgment to dismiss the complaint on the ground defendant Jesse J. Harrel was an independent contractor is reversed, with directions to grant the motion.