CARAWAY, Administratrix of the Estate of Eulalia Smith, Plaintiff, v. LEATHERS and others, Defendants: MILWAUKEE MUTUAL INSURANCE COMPANY, Defendant and Appellant: FINNEGAN and another, Respondents.*

*No. 61. Argued March 26, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 193.)

---

* Motion for rehearing denied, with costs, on June 29, 1973.

For the appellant there were briefs by *Cannon, McLaughlin, Herbon & Staudenmaier*, attorneys, and *L. William Staudenmaier* of counsel, all of Milwaukee, and oral argument by *L. William Staudenmaier*.

For the respondents there was a brief by *Frisch, Dudek, Slattery & Denny*, attorneys for defendants-respondents Howard D. Finnegan and American States Insurance Company; *Robert E. Hackett, Jr.*, attorney for plaintiff-respondent Mary Jean Caraway; and *C. Michael Hausman* of counsel, all of Milwaukee; and oral

argument by *Mr. Hackett* for plaintiff-respondent and *James D. Friedman* of Milwaukee for defendants-respondents.

HALLOWS, C. J.   The trial court denied the motion for summary judgment solely on the ground the pleadings created a material issue of fact of whether Danny Leathers had permission to drive his father's car; this was error.   Of course, pleadings must create a material issue,[1] but this conflict in the pleadings is not a sufficient basis to deny summary judgment.   The issue created by the pleadings must be supported by sufficient evidentiary facts in proper affidavit form to create a material issue of fact in the proposed evidence.   For this purpose, pleadings may not be considered as evidence or other proof.   *Marshall v. Miles* (1972), 54 Wis. 2d 155, 161, 194 N. W. 2d 630; *Milwaukee County v. Schmidt* (1968), 38 Wis. 2d 131, 156 N. W. 2d 493; *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 142 N. W. 2d 787.   As stated in *Weber v. Hurley* (1961), 13 Wis. 2d 560, 109 N. W. 2d 65, sec. 270.635 (2), Stats.,[2] requires "evidentiary facts" and the statute would be

[1] *See Younger v. Rosenow Paper & Supply Co.* (1971), 51 Wis. 2d 619, 188 N. W. 2d 507.

[2] "270.635 **Summary judgments.** . . .

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

meaningless if conclusions of law or statements of ultimate facts in the pleadings were held to raise issues for the jury on motion for summary judgment.

However, this error does not require reversal if there exists in fact an issue created by the evidentiary facts presented by the affidavits. Prior to the bringing of the motion, Mr. and Mrs. Leathers, Danny Leathers, and six other prospective witnesses were adversely examined. Their adverse examinations were made a part of the motion for summary judgment and the pertinent parts thereof extracted and called to the court's attention in accordance with the requirements of *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. 2d 238, 105 N. W. 2d 305, and *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 120 N. W. 2d 41. This pertinent testimony, however, does not raise any material issue of fact on the only issue presented, namely, the permission of Danny Leathers to drive the car at the time of the accident.

At one of these adverse examinations, Danny Leathers testified that just prior to the accident, he was at his sister's wedding reception. He asked his father if he could leave the reception and go to their farm, and his father replied "trot along." Danny did not interpret this as meaning he could take his father's car, since he had not said anything about using the car. He knew he was not supposed to take the car, but did anyway, finding the keys underneath the seat of the car. Although he did not have a driver's license, Danny had previously driven the car on the family farm and, unknown to his parents, had driven a few times on public roads. He knew he did not have his father's permission on the date of the accident.

Danny's father, Kenneth Leathers, testified at discovery that Danny had taken the car without his permission on the day of the accident. He did not know that Danny had ever previously taken the car without

permission. Danny's mother, Marilyn Leathers, testified that she did not know Danny was driving the car until after the accident.

Also examined at discovery were James D. Glassburn and Donald Simpsen, both of whom overheard the conversation between Danny and his father relative to Danny's going to the farm. Mr. Glassburn testified that Mr. Leathers told Danny he could leave, "you're doing a good job, just hop to it," or words to that effect. The word "walk" or "hot-footing" was in the conversation, but no mention was ever made as to use of the car. Mr. Simpsen, on the other hand, testified that Danny had asked if he could use the car, but his father replied, "Hell no, you can walk to the farm."

Two girls who occupied the car with Danny as passengers, Jeanne Phillips and Esther Miller, also were adversely examined. Miss Phillips had no conversation with Danny relating to his permission to drive the car. Miss Miller stated she asked Danny after the accident whether he had permission, but he would not say. However, Miss Miller's father, Rev. Norbert Miller, testified that he advised Danny if he had permission to admit it. He further testified that he asked Mr. Leathers whether he had given the boy permission and Mr. Leathers replied he told his son to "trot along." Mr. Leathers then added that "trot along could mean go on your own two feet if somebody wanted to interpret it that way." Rev. Miller interpreted this as meaning Mr. Leathers had in fact given Danny permission to drive. The Reverend's wife testified her husband was under the impression that Danny had driven with permission.

The rules governing summary judgment are well known. Under the rule of *Hyland Hall & Co. v. Madison Gas & Electric Co.*, *supra*, and *Dottai v. Altenbach*, *supra*, we first examine the moving papers and documents to determine whether the moving party has made a prima

facie case for summary judgment under sec. 270.635 (2), Stats., and if he has, we then examine the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to entitle the opposing party to a trial. If the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then there is presented only a matter of law, which should be decided upon the motion. *Voysey v. Labisky* (1960), 10 Wis. 2d 274, 103 N. W. 2d 9; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. 2d 545, 105 N. W. 2d 807; *Bond v. Harrel* (1961), 13 Wis. 2d 369, 108 N. W. 2d 552. *McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. 2d 275, 137 N. W. 2d 49; *Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 141 N. W. 2d 261; *American Mut. Liability Ins. Co. v. St. Paul Fire & Marine Ins. Co.* (1970), 48 Wis. 2d 305, 179 N. W. 2d 864.

Milwaukee Mutual has made more than a prima facie case for nonpermission. American States' affidavit in opposition to the motion also relies on the testimony of the examination, adds no evidentiary facts and raises only the question of credibility of witnesses and the possibility of drawing a different inference from the facts. Credibility of witnesses is only important if there is a conflict of testimony so that the trier of the fact must choose one version which requires the rejection of the testimony supporting a conflicting version. This case presents no such situation. But American States argues that different inferences from the facts may be reasonably drawn. We find no facts giving rise to reasonable inferences of conflicting versions of whether Danny Leathers had his father's permission to drive the car. True, there are some minor variations in the stories told by witnesses, but no real conflicts. Only one reasonable inference can be drawn from the facts and that is one of no permission.

Danny Leathers asked for permission to go to the farm. Neither he nor his father testified that Danny asked for the car or for permission to use the car. The father's answer "trot along" cannot under any view be construed as granting a fifteen-year-old boy with no driver's license permission to use the car, particularly where the father had never previously given such permission. The positive testimony of both Danny Leathers and his parents is to the effect that Danny Leathers did not have permission. Their testimony is that Danny asked if he "could go to the farm," which was about two miles away. The testimony of Glassburn and Simpsen creates no issue. Glassburn testified there was no request to use the car; Simpsen testified there was a request which the father refused. No inference of permission can be raised from this testimony.

The only testimony to the contrary is the opinion and conclusion of Rev. Norbert Miller, formed after a conversation with Mr. Leathers subsequent to the accident. In this conversation Mr. Leathers did not say he gave Danny permission. Rev. Miller's testimony is merely that he received such an impression from Mr. Leathers' statements, but his impression is not pertinent evidence. It is entirely negative and not probative, even if admissible, to raise an issue by any reasonable inference.

While summary judgment is a drastic remedy and should not be employed to create a trial on affidavits or adverse examination,[3] if sec. 270.635 (2), Stats., is to mean anything, it must be used to avoid useless trials when no factual issue of merit is presented. The final question on summary judgment is always whether one of the parties, because of the evidence he has produced

---

[3] *Voysey v. Labisky, supra; Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 155 N. W. 2d 674; *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 155 N. W. 2d 659.

on the motion or in opposition thereto, is entitled to a trial on some material factual issue upon which the ultimate result of the case rests. A question of law such as insurance coverage or the meaning of the contract are customarily decided on such a motion. *See Rabinovitz v. Travelers Ins. Co., supra; Bond v. Harrel, supra.*

There are some cases in which this court defers to the trial court when it is in doubt concerning the sufficiency of the evidentiary facts to raise a material issue and exercises its discretion to deny the motion for summary judgment because it desires a trial on the facts,[4] but this case is not presented to us in such a posture.

*By the Court.*—Order reversed.

[4] *See, e.g., Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626.

* Motion for rehearing denied, with costs, on June 29, 1973.