E. G. BALSAM, a/k/a Doc Balsam, Plaintiff-Appellee,

v.

James BUEHNER, Defendant-Appellant.

Civ. No. 9559.

Supreme Court of North Dakota.

April 30, 1979.

---

William C. Severin, Bismarck, for defendant and appellant.

Wheeler, Wolf, Wefald & Peterson, Bismarck, for plaintiff and appellee; argued by Rick D. Johnson, Bismarck.

PAULSON, Justice.

This is an appeal from a summary judgment of the Morton County District Court for specific performance of an earnest money contract.

The defendant and appellant, James Buehner ["Buehner"], was the owner of certain real estate in Morton County, North Dakota. On September 8, 1977, Buehner and the plaintiff and appellee, E. G. Balsam, a/k/a Doc Balsam ["Balsam"] entered into an earnest money contract for the purchase of certain real estate. Balsam was the lessee of this property at the time it was purchased by Buehner.

The earnest money contract stated that Balsam was to pay Buehner, upon Buehner's providing good and marketable title to the property, the sum of $43,000. In addition, Balsam was to pay Buehner, upon said property's being leveled and graveled by Buehner, the sum of $3,500.

On March 29, 1978, Buehner served by mail a Notice of Rescission on Balsam. The Notice of Rescission stated that Balsam was in default for his failure to pay Buehner $3,500 for leveling and graveling the property, and for Balsam's failure to make any regular payments for the use of the property as set forth in the earnest money contract.

Balsam, on the same date, commenced an action for specific performance of the earnest money contract on the ground that Buehner had breached the contract by failing to deliver an abstract to the premises pursuant to the provisions of the contract.

Balsam, in addition, in his complaint requested an abatement on the purchase price for repairs resulting from a fire which partially destroyed a building located on the premises. Buehner had fire insurance coverage on the building. The expenditures for repairs approximated $5,600 and were voluntarily paid by Balsam.

Buehner interposed an answer in which he counterclaimed for rent, as well as rescission of the contract for Balsam's failure to pay the $3,500 for leveling and graveling of the property. Balsam, in his reply, alleged that the leveling and graveling had not been completed.

Thereafter, Balsam moved for a summary judgment, which motion was resisted by Buehner. Subsequently, the district court denied the motion for a summary judgment with reference to the rental issue, but granted a summary judgment for specific performance of the earnest money contract.

The issues are as follows:

(1) Did the trial court err in granting a summary judgment for specific performance of the earnest money contract?

(2) Is Buehner entitled to rescission of the earnest money contract by virtue of Balsam's alleged breach of contract in failing to pay the $3,500 for leveling and graveling the premises?

(3) Should Balsam be allowed a setoff against the purchase price under the contract for the amount received by Buehner from his insurance company for fire damage occurring to the building?

Buehner first contends that the district court erred in granting a summary judgment for specific performance and that the court abused its discretion. In support thereof, Buehner cites Rule 56(c) of the North Dakota Rules of Civil Procedure, which provides, in pertinent part:

"*Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.*" [Emphasis added.]

Buehner contends that there is a genuine issue as to a material fact and that Balsam is not entitled to a summary judgment as a matter of law. To buttress his assertions, Buehner cites *Jonmil, Inc. v. McMerty,* 265 N.W.2d 257, 259 (N.D.1978); and *Weidner v. Engelhart,* 176 N.W.2d 509, 514 (N.D. 1970). Both cases are distinguishable from the facts of the instant case.

Buehner further urges that Balsam had breached the contract by failing to pay the $3,500 for leveling and graveling and, therefore, that Buehner is entitled to rescission as a matter of law. Buehner's contentions are unpersuasive. Buehner and Balsam both admitted that they entered into the earnest money contract which is the basis of this litigation. A review of the record further reveals that Buehner has admitted that the leveling and graveling had not been completed on the easement portion of the contract; that the leveling and graveling had been completed on the remaining part of the tract of land, and that Buehner had neither given any notice of the completion of the leveling and graveling nor made any demand for the $3,500 for such work, pursuant to the terms of the contract. In addition, Buehner refused to tender the deed or deliver the abstract of title as noted on the earnest money contract. Further, a perusal of the contract shows that the contract did not provide a specific time for delivery of the abstract or the deed. However, the contract provides that Buehner was obligated to furnish good and marketable title as a condition precedent to any additional payments on the contract (except the $2,000 downpayment which had been paid).

■ We conclude, as a matter of law, that Buehner breached the contract, that there was no genuine issue as to a material fact, and that the district court did not err in granting a summary judgment.

■ Buehner further asserts that the court erred in interpreting and construing the contract as set forth in the court's memorandum decision. In support thereof, Buehner relies on § 9–07–02, N.D.C.C., which provides:

"*Language of contract governs if clear.*—The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity."

Section 9–07–02 was interpreted in *Oliver-Mercer Electric Cooperative, Inc. v. Fisher,* 146 N.W.2d 346 (N.D.1966). Buehner further cites § 47–09–11, N.D.C.C., which he asserts is applicable to real property contracts. Buehner then strenuously urges that the contract is unambiguous and provides for two specific acts: first, for Balsam to pay the sum of $43,000 at the time that Buehner furnishes good and marketable title; second, for the payment by Balsam of $3,500 when the leveling and graveling is completed. Thus, Buehner claims that the court abused its discretion in the manner in which it construed the contract. Buehner's contentions are without merit. A review of the record indicates that Buehner was required by the contract to furnish good and marketable title, but at no time had he done so, and, in fact he had refused to do so even up to the time of the hearing on the motion for a summary judgment. In addition, Buehner had never made demand of Balsam for payment of the $3,500. Furthermore the contract is silent as to the time for delivery of good and marketable title. Therefore, the trial court properly interpreted that portion of the contract providing for furnishing of good and marketable title to be on a reasonable time basis. Thus, §§ 9–07–02 and 47–09–11, N.D.C.C., are not applicable. *Oliver-Mercer Electric Cooperative, Inc., supra,* is distinguishable from the case at bar.

We conclude that the trial court did not abuse its discretion. *See Zimmerman v. Campbell,* 245 N.W.2d 469 (N.D.1976).

We are next confronted with the issue of whether or not Buehner is entitled to rescission of the contract. Section 9–09–02, N.D. C.C. is the statute which sets forth the grounds for rescission of a contract. Buehner again urges that payment of the $3,500 for leveling and graveling is a material provision of the contract and that, pursuant to § 9–09–04, N.D.C.C., Buehner's right to rescission was perfected. Buehner further contends that the contract is not a contract for deed and forfeiture is not involved; that the contract is simply a sales contract; that Balsam has not made any payments other than the $2,000 downpayment which Buehner has offered to return; that Balsam would be reimbursed for any repairs paid for by him; and that the parties would be returned to their pre-contract status.

The interpretation of a contract is a matter of law that must be determined by the court. *Stetson v. Blue Cross of North Dakota,* 261 N.W.2d 894 (N.D.1978). A summary judgment was the proper method of disposition in the instant case, which involved the interpretation of a contract, because no genuine issue of any material fact existed. See *Caraway v. Leathers,* 58 Wis.2d 321, 206 N.W.2d 193 (1973). Again, a review of the record shows that, because there is no evidence to support the assertion of failure of consideration, Buehner's claim is without merit.

Lest it be argued that there was an offer to restore the $2,000 downpayment, no action was taken by Buehner to restore the moneys advanced by Balsam for repairs of the fire-damaged building.

We determine that Buehner failed to prove that he is entitled to a rescission of the contract.

Having determined that Balsam is entitled to specific performance of the earnest money contract, we are confronted with the issue of whether Balsam or Buehner is entitled to the proceeds of the insurance policy where the contract neither provided for insurance nor for allocation of the proceeds when partial loss has occurred to a building on the premises described in the earnest money contract.

The general rule is as follows:

". . . as between the vendor and the purchaser, the better rule would seem to be that it [proceeds of insurance] should belong to whoever must bear the loss resulting from the injury to the property. Hence, if the loss falls on the purchaser . . . he is entitled to the benefit of the insurance money, and if it is collected by the vendor, he will hold it for the benefit of the purchaser, who will be entitled to credit therefor on the unpaid purchase price . . . ." 92 C.J.S. *Vendor and Purchaser* § 296, p. 178.

The Supreme Court of this State has reaffirmed this rule in *Gunsch v. Gunsch,* 71 N.W.2d 623 (N.D.1955). The Supreme Court of Minnesota in a case very similar to the one at bar, that is, *Gilles v. Sprout,* 293 Minn. 53, 196 N.W.2d 612 (1972), has adopted the same rule. The rule applies where property has been damaged by fire during a period of delay caused by the seller and, accordingly, the purchaser is entitled to compensation for any loss incurred by virtue of a delay by the seller. *Calbreath v. Borchert,* 248 Iowa 491, 81 N.W.2d 433 (1957).

Buehner reasserts his contention that, because Balsam had breached the contract, Buehner is entitled to rescission of the contract and is, therefore, entitled to the insurance proceeds subject to the repayment to Balsam of the $2,000 downpayment and the costs of the repairs and improvements which were voluntarily paid for by Balsam. Buehner further states that he paid for the insurance coverage, even though the contract of sale neither provided for insurance nor for allocation of the proceeds in case of loss. Buehner contends that *Gunsch, supra,* is distinguishable from the case at bar because in *Gunsch* there was a contract for deed involved, as opposed to an earnest money contract where the buyer had not breached the contract and was thus entitled to specific performance, and that the contract for deed in *Gunsch* specifically required insurance coverage.

Buehner also cites *Gilles, supra,* for its similarity to the case at bar. In *Gilles,*

the court granted the vendee a claim against the vendor's insurance proceeds to the extent of the market value of the destroyed property, less the insurance premiums paid by the vendor. Buehner attempts to distinguish the *Gilles* case in which the property was totally destroyed by fire, on the basis that the court had decreed specific performance because the vendor had breached the contract.

Because we have already concluded that the judgment of the district court granting specific performance of the earnest money contract should be affirmed, we accordingly adopt the rationale of the *Gunsch, supra,* case. However, because the district court did not determine whether or not Balsam was entitled to a credit on the principal amount owing on the contract to the extent of the insurance proceeds, and did not determine whether or not Buehner should be reimbursed for premiums paid, the case is remanded to the district court for further proceedings consistent with this opinion.

The summary judgment is affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.