**Beatrice Jeanne BRIDGEFORD, Plaintiff and Appellee,**

v.

**John Arthur BRIDGEFORD, Defendant and Appellant.**

**Civ. No. 9618.**

Supreme Court of North Dakota.

July 12, 1979.

Rehearing Denied Aug. 2, 1979.

Pancratz, Kruger, Wold, Yuill & Johnson, Fargo, for plaintiff and appellee; argued by William A. Hill, Fargo.

Garaas Law Firm, Fargo, for defendant and appellant; argued by Jonathan T. Garaas, Fargo.

PAULSON, Justice.

Beatrice Jeanne Bridgeford ["Bette"] commenced a divorce action against John Arthur Bridgeford ["John"] on February 10, 1970. Beatrice and John further entered into a Stipulation and Settlement Agreement on the same date. The pertinent provision in the Stipulation and Settlement Agreement is contained in Section 7 thereof, which reads as follows:

"7. The Plaintiff [Bette] shall be awarded custody of the minor children, John Bridgeford, Jr., Julie Anne Bridgeford and David Bridgeford. The Defendant [John] shall be awarded custody of the minor children, Dennis Bridgeford and Steven Bridgeford. The Defendant shall pay to the Plaintiff the sum of $200.00 per month for alimony and support and said monthly payments shall continue until the death of either party, or the remarriage of the Plaintiff, whichever event might occur first. Said monthly payments shall commence on the first day of the month following the date of sale of the home owned by the parties."

On February 11, 1970, John executed a waiver and consent whereby he waived his right and time to appear or answer and, in addition, he waived the notice of hearing the divorce proceedings, note of issue, and notice of entry of judgment and decree of divorce.

The judgment and decree of divorce was docketed in the office of the clerk of the district court of Cass County on May 28, 1970. The provisions of the property settlement agreement were adopted by the district court and incorporated into the judgment and decree of divorce.

Several civil contempt proceedings were commenced by Bette against John because of John's failure to pay the $200 per month alimony and support payments pursuant to the judgment and decree of divorce. John's counsel prepared and served and filed a motion pursuant to Rule 60(b)(6) of the North Dakota Rules of Civil Procedure in which John requested three alternatives for relief from the judgment and decree of divorce dated May 28, 1970. The alternatives were:

1. To modify the judgment and decree dated May 28, 1970, so that defendant

is no longer required to pay the plaintiff alimony and support.

2. Or in the alternative, to interpret the judgment and decree dated May 28, 1970, so as to specify the amount to be paid for alimony compared to child support.

3. Or in the alternative, to reduce the amount the defendant is required to pay the plaintiff for alimony and support.

Bette resisted the motion. A hearing was held on May 20, 1977, before Honorable Maurice E. Garrison, Juvenile Supervisor and Referee for the First Judicial District. On May 31, 1977, the Referee issued his findings of fact and conclusions of law denying any relief to John because he had failed to pay alimony and support money; he had failed to prove his financial inability to make alimony and support payments; and he had failed to prove any change in his circumstances sufficient to warrant relief. The referee determined John was in contempt of court for failure to make the alimony and support payments.

John then requested a review of the referee's findings of fact and conclusions of law, which were reviewed by Honorable Ralph B. Maxwell, District Judge for the First Judicial District, who confirmed the referee's findings of fact and conclusions of law on October 25, 1977.

Bette subsequently secured an order to show cause from Honorable James R. Brothers, Juvenile Supervisor and Referee for the First Judicial District, for contempt because John had failed to pay alimony and support money after the hearing was completed and the referee issued findings of fact and conclusions of law dated January 12, 1978. John was dissatisfied with the referee's decision and requested a review by the District Court of Cass County. Pursuant to Rule 53 of the North Dakota Rules of Civil Procedure the district court again confirmed the referee's findings of fact and conclusions of law on April 13, 1978.

John then prepared, served, and filed a motion dated September 29, 1978, pursuant to Rule 60(b)(6), N.D.R.Civ.P., in which he included the alternatives previously set forth in this opinion. The referee issued findings of fact and conclusions of law dated November 22, 1978, denying John any relief thereunder.

A request for a review of the findings of fact and conclusions of law was presented to Cass County District Judge Roy K. Redetzke, who, on November 28, 1978, confirmed the referee's findings of fact and conclusions of law. John appealed. We affirm.

There are three issues presented to this court:

1. Whether or not the district court, as a matter of law, committed error in not interpreting the judgment and decree dated May 28, 1970, so as to specify the amount to be paid for alimony as compared to child support.

2. Whether or not there was an adequate showing under Rule 60(b)(6), N.D.R.Civ.P., which entitled John to the relief requested.

3. Whether or not there has been a material change of circumstances of the parties since the divorce was granted which would justify a reduction in alimony.

John contends that the district court committed error on several grounds in denying his motion under Rule 60(b)(6), N.D.R.Civ.P. John first urges that the district court, by confirming the referee's interpretation of Section 7 of the property Stipulation and Settlement misinterpreted such Section 7. Paragraphs VII and VIII of the referee's findings, dated November 22, 1978, read as follows:

### "VII.

"That from the terms of said Stipulation and Agreement, it is quite clear that the $200.00 per month payments were to be treated as alimony and were to be in no way tied to the eventual emancipation of the parties minor children.

### "VIII.

"That the Defendant's claim that he did not understand said payments to be

alimony is obviously without merit that the Defendant has continually, since entry of Judgment herein, treated all such payments as alimony for income tax purposes."

John further urges that Section 7 of the property Stipulation and Agreement is ambiguous, and cites § 14–05–24 of the North Dakota Century Code, and Chapter 14–07, N.D.C.C., and *Mathisen v. Mathisen,* 276 N.W.2d 123 (N.D.1979), which considers § 14–05–24, N.D.C.C., and Chapter 14–09. *Mathisen* is distinguished on its facts and is not applicable to the instant case because the children who were the issue of this marriage have all attained majority. John further urges that the support referred to in Section 7 refers to child support and not to alimony; that because the children are now adults, the support moneys are no longer necessary; and that the fact that he paid the sum of $200 per month until March of 1977 and deducted the moneys paid each month as alimony on his federal and state income tax returns should in no manner affect his right to have such payments denominated as to the amount to be allocated to alimony and support money respectively.

John urges in support of his contention that the district court misinterpreted Section 7 of the Stipulation and Settlement Agreement which was incorporated into the judgment; that such Section 7 is ambiguous; that the district court overlooked the definitive wording of Section 7, which reads, in pertinent part:

" . . . The Defendant shall pay to the Plaintiff the sum of $200.00 per month for alimony and support and said monthly payments shall continue until the death of either party, or the remarriage of the Plaintiff, whichever event might occur first. . . . "

The wording of this provision is definitive and clear. See § 9–07–02, N.D.C.C.[1] The statement that payments shall continue until the death of either party or the remarriage of Bette requires no further explanation. In addition, the district court in its confirmations dated April 13, 1978, and November 28, 1978, was cognizant of its previous order issued April 13, 1978, and the order of Judge Ralph B. Maxwell dated May 20, 1977, which confirmed the findings of fact and conclusions of law of the respective referee, pursuant to Rule 53, N.D.R. Civ.P., which provides that the referee's findings of fact in the instant case must be accepted by the reviewing court unless they appear to be clearly erroneous. Furthermore, the interpretation of a contract is a matter of law that must be determined by the court. *Stetson v. Blue Cross of North Dakota,* 261 N.W.2d 894 (N.D.1978).

Where a judgment of divorce has been regularly entered, it is largely within the discretion of the trial court to say whether or not the defendant shall be permitted to come in afterwards and attempt to set aside a judgment, and unless an abuse of discretion be made to appear, this court will not interfere. The trial court properly interpreted Section 7 of the property settlement agreement in confirming the referee's findings of fact and conclusions of law. *Bettger v. Bettger,* 280 N.W.2d 915 (N.D.1979); *Kinsella v. Kinsella,* 181 N.W.2d 764 (N.D.1970). We conclude that the trial court did not abuse its discretion. See *Balsam v. Buehner,* 278 N.W.2d 425 (N.D.1979); *Zimmerman v. Campbell,* 245 N.W.2d 469 (N.D.1976).

John next urges that he was induced to designate the payments as alimony, both by Bette and by her attorney; that he was not represented by counsel; that there was an explicit understanding between Bette and him with reference to the monthly payments in that they were actually for the support of the children; and that he was an alcoholic prior to and during the time the divorce proceedings were pending and finalized and, thus, was unable to comprehend the import of the divorce and its subsequent effect on his financial condition. John refers to portions of the transcript, which he alleges supports his contentions and cites *Bingert v. Bingert,* 247 N.W.2d 464 (N.D.

---

1. "*9–07–02. Language of contract governs if clear.*—The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity."

1976). This court, in *Bingert, supra,* held in ¶¶ 1, 2, and 3 of the syllabus:

"1. Facts tending to show a basis for vacating a judgment should be made the basis for a motion to vacate under Rule 60, N.D.R.Civ.P., rather than a motion to modify the judgment.

"2. A motion for relief under Rule 60 must be supported by facts sufficient to satisfy one or more of the grounds specified in the rule.

"3. Facts tending to show that a party to a property-settlement agreement was an alcoholic at the time of the agreement, without more, do not show incompetence, fraud, duress, mistake, or any other basis sufficient under Rule 60 for vacating the judgment based upon the binding property-settlement agreement."

John asserts that *Bingert* determined that Rule 60, N.D.R.Civ.P., is a method by which a litigant may proceed in attacking a divorce decree. However, our Supreme Court further stated in *Bingert, supra* at 466:

"Even if we were to construe the motion to modify the judgment as having been brought under Rule 60, the showing is insufficient to justify relief. There is no adequate showing of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct of an adverse party or any other basis for relief from the operation of the judgment. The affidavits of record indicate that Nick Bingert, at the time of the divorce, was an alcoholic, but they do not show that he was incompetent to deal with his affairs or that he was misled or imposed upon by anyone. He may have believed he would be reconciled with his wife, but that is no basis for upsetting a binding agreement arrived at without duress or fraud."

The North Dakota Supreme Court in *Harchenko v. Harchenko,* 77 N.D. 289, 43 N.W.2d 200 (1950), held in ¶¶ 1 and 2 of the syllabus:

"1. A judgment, entered pursuant to the stipulation of the parties to an action, is as effective an adjudication of the issues in the case as one entered upon an actual trial of such issues.

"2. Where the trial court had jurisdiction of the subject matter and the parties to an action, the judgment entered in such action may not be attacked collaterally by any of the parties thereto, or by those in privity with them."

*See* 24 Am.Jur.2d Divorce and Separation § 514. Section 14–05–24, N.D.C.C., which is cited by John to buttress his contention that alimony and support money are distinct terms, is not persuasive. This particular section, captioned *"Permanent alimony— Division of Property"*, provides for maintenance of the children and support of the other party. The provision for alimony and the provision for maintenance are exclusive of each other.

John also urges that the district court erred when it confirmed the referee's Finding of Fact No. IV which is worded as follows:

"IV

"That it is the opinion of the Referee that the relief claimed by the Defendant under Rule 60B [60(b)] Subsection 6 of the North Dakota Rules of Civil Procedure, is not available some eight years after entry of Judgment and Decree herein." [Findings of the Referee, November 22, 1978.]

In the instant case the referee prepared his findings of fact, including Finding of Fact No. IV, which findings were confirmed by the Honorable Roy K. Redetzke, Judge of the District Court of Cass County, on November 28, 1978. Where John has paid the $200 payment each month for eight years and has deducted such payments as alimony for income tax purposes on his income tax returns, he has waived his right to assert and is estopped from asserting that the payments were not for alimony.

A review of the record does not *reveal* that John sustained his burden of proof, pursuant to the provisions of Rule 60(b)(6), N.D.R.Civ.P. This court held, in *Gajewski v. Bratcher,* 240 N.W.2d 871 (N.D. 1976), in ¶ 5 of the syllabus:

"5. A judgment on the merits of a dispute, once rendered by this Court on appeal, after becoming final, should be set aside under Rule 60(b), N.D.R.Civ.P., only in exceptional circumstances where the application of equitable principles demands that such an extraordinary remedy be used to prevent an injustice from occurring."

We adhere to the holding in *Gajewski* and conclude that John did not establish a sufficient record to warrant relief under Rule 60(b)6, N.D.R.Civ.P.

John further urges that there has been a material change in circumstances and, accordingly, that he should be entitled to a partial reduction or a total elimination of the monthly payments because of the following factors:

1. That Bette's monthly income has risen from no income at the time of the divorce to a gross monthly income of $725.

2. That the district court erred by not considering whether or not Bette was a rehabilitated party when it determined that Bette's financial circumstances had not substantially changed and that a reduction in or elimination of alimony was not warranted.[2]

3. That there has been a. material change in John's circumstances because he neglected his health; he was an alcoholic and has been and still is expending large sums of money for therapy for alcoholism and for dental care; and

4. That John is actually the party to be rehabilitated.

■ John cites *Bingert, supra,* in support of his contentions that he did not retain counsel and that he was an alcoholic, as well as other grounds. The record in the instant case, as in *Bingert, supra,* is insufficient to show justification for relief. John does not make an adequate showing of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, unfair advantage, or misconduct of the adverse party, or any other basis for relief from the judgment. John's affidavit states that he is a civilian employee of the National Guard and earns $504 every two weeks; that there are five children as issue of the marriage, all of whom are adults; that the representations concerning the $200 monthly payments were actually for child support; and that he can no longer afford to pay the $200 monthly payments because of treatments for his alcoholism and dental care.

Bette counters with her affidavit that the decree is in full force and effect; that John is delinquent in the monthly payments in the sum of $400.00; and that, because John is in contempt of court, he is not entitled to any relief.

John's affidavit does not reveal that he is in any way incompetent to manage his business transactions because of being an alcoholic. John was not misled or induced to consider the monthly payments as alimony. John did not consider any change in the monthly payments until all of the children had attained their majority. He continued to progress in his chosen vocation and received salary increases on a regular basis. He is also employed as a real estate salesman by Century 21 Realty for twenty hours a week. Testimony by one of his own sons indicates that John had informed this son that the monthly payments were alimony.

■ None of the factors set forth as changes of circumstances in Bette and John's lives are the type of circumstances which would enable John to secure relief under our laws and decisions interpreting those statutes. Section 14–05–24, N.D.C.C.,

2. Referee's Finding of Fact No. VI, dated November 22, 1978, provides:

"That there have been no changes in the Plaintiff's financial circumstances which would not have been obvious as of the date of the voluntary settlement herein; that is *that the parties' children would eventually* reach the age of legal emancipation and no longer require financial support from the Plaintiff, and that the Plaintiff would seek and obtain gainful employment in light of the fact that her only other means of support was the $200.00 monthly payment from the Defendant."

authorizes the court to require payment of alimony as well as granting the court the power to modify divorce decrees from time to time. The change in circumstances with reference to a reduction or elimination of alimony is one based primarily on a change in financial circumstances. The fact that Bette's income has risen is not relevant to the issue because Bette's reasonable monthly expenditures exceed her monthly income. John asserted that the referee's Finding of Fact No. VI, which was confirmed by the district court, is erroneous; but this assertion of John's is not of particular import because he has established the unenviable record of having been in default in his alimony payments several times in the past when contempt proceedings were necessarily employed against him to enforce payment.

John's final contention that there has been a material change in his circumstances because of his expenditures for treatment for alcoholism and for dental care is not meritorious. The record reveals that his monthly expenditures are indicative of a living standard much higher than Bette's and that one of his primary obligations is his payment of alimony to his former wife.

John concludes with the contention that Bette is rehabilitated and that he is the one who is in need of rehabilitation. Having previously determined that the district court did not abuse its discretion in interpreting alimony and support as alimony, and that Bette is still entitled to receive the $200 per month payments, it is not necessary to further consider John's claim as to whether or not he needs to be rehabilitated. Since it was urged that John cannot remarry because of his obligations, and particularly because of the alimony payments, remarriage would not necessarily be such a change in circumstances as to warrant a reduction in alimony. See *Bryant v. Bryant,* 102 N.W.2d 800 (N.D.1960); *Nugent v. Nugent,* 152 N.W.2d 323 (N.D.1967). We conclude that there was not a sufficient change in John's circumstances to warrant a reduction in or elimination of the alimony.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.